**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **WILLIAM T. REILY** | **CIVIL ACTION** |
| **VERSUS** | **NO.** |
| **(DEMCO)**<br>**DIXIE ELECTRIC MEMBERSHIP CORPORATION** | **JUDGE**<br><br>**MAGISTRATE JUDGE** |

---

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes petitioner, William T. Reily, a person of full age and capacity, who respectfully represents that:

1.

This Court has jurisdiction pursuant to 28 U.S.C. 1331, as complainant raises a federal question pursuant to Title VII of the Civil Rights Act, and/or the Age Discrimination Employment Act (ADEA) 29 U.S.C. §§621, *et seq*., 42 USC 2000e *et seq*., wherein less qualified white and/or younger employees received favored treatment over the plaintiff, and

2.

Made defendant herein is Dixie Electric Membership Corporation (DEMCO), a foreign corporation licensed to do and doing business in the state of Louisiana.

3.

Plaintiff, William T. Reily, bi-racial, age 54, was hired by DEMCO on April 23, 1979, working most recently as a district line supervisor. The defendant subjected plaintiff to illegal discrimination, harassment and retaliation based on plaintiff's race and/or age.

4.

On April 9, 2015, the defendant posted a job for the position of manager, branch operations, at headquarters. This would be over the six district supervisors and branches.

5.

On April 17, 2015, plaintiff had his annual review and was awarded a three percent raise.

6.

On or about April 23, 2015, defendant awarded the job of manager, branch operations, to Shane Pendarvis, Caucasian, who the plaintiff had helped train.

7.

On April 27, 2015, plaintiff was interviewed by four members of management, Esther Tapia, Caucasian, Vice President of Human Resources, Mike Landry, Caucasian, Vice President of Operations, Randy Buchanan, Caucasian, Vice President of Communications, and Ryan Vandersypen, Caucasian, Engineer.

8.

On April 28, 2015, plaintiff was informed by Mike Landry that the position was given to a younger Caucasian male, Shane Pendarvis.

9.

On April 30, 2015, plaintiff emailed Tapia about the selection process and the reason why plaintiff was not selected for the position, although plaintiff had much more experience than Pendarvis.

10.

On May 1, 2015, plaintiff spoke with Tapia by phone wherein she said that the reason plaintiff was not selected was because of the consensus of the evaluation committee. Plaintiff verbally told her that it was because of his race.

11.

On May 4, 2015, plaintiff sent a second email to Tapia requesting she send him a letter or email explaining the company's decision and letting her know that plaintiff would be requesting a meeting with the CEO, John Vranic.

12.

On or about May 5, 2015, plaintiff called his new supervisor, Pendarvis, to request a meeting with the CEO.

13.

On May 12, 2015, there was a mandatory all management meeting with DEMCO's attorneys. This meeting was video recorded by the company. Someone from Taylor Porter explained legal dealings with employees. She said that if that an employee claims discrimination, there has to be an investigation and he or anyone on his behalf could not be disciplined then or in the future for it.

14.

On May 12, 2015, Randy Buchannan, the new engineer and vice president, called plaintiff after the meeting and requested plaintiff come to his office to meet with him. Plaintiff met with him and explained to him that he felt discriminated against because of race and age, and reiterated Tapia's purported reason for plaintiff not getting the job.

15.

On May 18, 2015, a safety team came to plaintiff's office to do a safety audit, called RESAP. The manager of safety called plaintiff on his cell phone around 7:35 a.m. to tell plaintiff that he and two others were there to conduct it. Plaintiff was driving on the yard and saw him at that time. Plaintiff went around the building and parked, got out of the vehicle and went in to talk to him.

16.

On May 19, 2015, plaintiff was called by Pendarvis, wherein plaintiff notified him that plaintiff's meeting with the CEO would be that day at 2:00 p.m.

17.

On May 19, 2015, at approximately 11:45 a.m., Pendarvis texted plaintiff and told him the meeting was called off until further notice.

18.

On May 20, 2015, Pendarvis called plaintiff and asked if plaintiff could come to the main office for a meeting. Plaintiff went to the office. The meeting was with Tapia and Buchannan. Plaintiff was terminated.

19.

According to the company, the reason for the discharge was because plaintiff did not participate in the RESAP investigation/safety audit, and that plaintiff was not supervisor material.

20.

Plaintiff was discriminated against because of his race (bi-racial), and age (54), in that a younger, less qualified, Caucasian male was selected for promotion over plaintiff.

Plaintiff was discharged in retaliation for complaining about the promotion process, all in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

21.

As a result of defendant's harassment and retaliatory acts and omissions, plaintiff hereby requests the following relief be granted:

a. Back pay and benefits;

b. Reinstatement or front pay and benefits;

c. Compensatory damages for emotional distress, mental anguish, humiliation and embarrassment;

d. Punitive damages;

e. Legal interest from the date of the unlawful acts; and

f. Reasonable attorney's fees.

g. Court costs and litigation expenses

**WHEREFORE**, plaintiff prays that, after due proceedings had, there be judgment herein in favor of plaintiff, William T. Reily, and against the defendant, (DEMCO) Dixie Electric Membership Corporation.

Respectfully submitted,
*/s/Dan M. Scheuermann*
Dan M. Scheuermann (#11767)
Attorney at Law
7253 Associate Drive
Baton Rouge, LA 70817
Telephone: 225-344-9381
Facsimile: 225-344-9384 (temporarily unavailable)
Email: dan@dmsattorney.com
*Attorney for plaintiff,*
*William T. Reily*